UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MELISSA DOVALA, | ) | 1:13CV0213 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| v. | ) | (Mag. Judge Kenneth S. McHargh) |
| | ) | |
| GININE TIM, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | RECOMMENDATION |

McHARGH, MAG. JUDGE

The petitioner Melissa Dovala ("Dovala") has filed a petition through counsel for a writ of habeas corpus, arising out of her 2005 conviction for felony murder, felonious assault, and other related crimes, in the Lorain County (Ohio) Court of Common Pleas. (Doc. 1.) In her petition, Dovala raises six grounds for relief:

> 1. Petitioner was denied her right to be present at a critical stage of the trial when the trial court admitted a videotape as evidence without presenting the videotape in the courtroom and in the presence of the defendant, in violation of the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution.
>
> 2. Petitioner was denied the effective assistance of counsel when trial counsel failed to object to the presentation of substantial evidence of guilt outside of the presence of the accused, her counsel, the court and the public; failed to insure a proper record was made in voir dire; failed to make a record of what parts of the videotape were redacted or if it was redacted, failed to object to prejudicial hearsay offered by the state's expert; and, failed to object to improper argument about facts not in evidence and victim impact evidence in violation of the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution.

3. Petitioner's right to due process and a fair trial were violated by the improper arguments and misconduct of the prosecutor in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution.

4. Petitioner's right to confront witnesses against her was violated when hearsay evidence of "top known cases and studies" was admitted against her in violation of the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution.

5. Petitioner's right to due process and a fair trial were violated based on the cumulative effect of errors at trial in violation of the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution.

6. Petitioner was deprived of the effective assistance of trial counsel based on a failure to fully prepare for trial, failure to fully investigate the state's case against Petitioner, failed to obtain an independent forensic evaluation, failure to present expert testimony to contest the state's expert testimony, failure to fully investigate the theory presented at trial and failure to demonstrate a theory based on expert evidence and legal argument.

(Doc. 1, § 12.)

The respondent has filed a motion to dismiss. (Doc. 5.) Dovala filed an opposition (doc. 8), and a motion to stay (doc. 3, 9).

I. FACTUAL AND PROCEDURAL BACKGROUND

The state court of appeals set forth the following factual and procedural background:

On the morning of February 6, 2004, Eileen Smath left her 5-month-old son Riley with Ms. Dovala, who provided daycare for several children who were up to 9 years old. When she picked Riley up around 5:00 p.m., he looked lifeless and appeared blue. Although Ms. Smath drove him straight to the hospital, by the time they arrived,

2

>Riley did not have a pulse and the emergency room staff could not revive him.  The Lorain County Coroner determined that the cause of death was blunt impact trauma to the head and that the time between the injury and death was three to five hours.
>
>The Grand Jury indicted Ms. Dovala for murder, felony murder, felonious assault, endangering children, and involuntary manslaughter.  At the end of her trial, the State dismissed the murder charge.  The jury found Ms. Dovala guilty of felony murder, felonious assault, endangering children, and involuntary manslaughter, and the trial court sentenced her to 15 years to life in prison.
>
>Ms. Dovala appealed, assigning six errors.  She argued that the trial court incorrectly allowed the jury to watch a videotape outside her presence, that her trial lawyers were ineffective, that the prosecutor committed misconduct, that the trial court incorrectly admitted hearsay evidence, that the cumulative effect of the errors deprived her of a fair trial, and that her original appellate lawyers were ineffective.  On September 24, 2007, this Court affirmed her convictions.
>
>Ms. Dovala, meanwhile, petitioned for postconviction relief, raising six claims.  She argued that her trial lawyers were ineffective because they failed to fully prepare for trial, failed to fully investigate the State's case, failed to obtain an independent forensic evaluation, failed to present expert testimony to contest the State's expert witnesses, failed to fully investigate their theory of the case and develop it with expert testimony, failed to ensure an adequate record for appeal, and failed to object to the admission of the videotape.  She also argued that she was denied the right to be present at a critical stage of the trial because the jury watched the videotape outside her presence.
>
>The trial court determined that this Court had rejected Ms. Dovala's videotape and videotape-related ineffective assistance claims on direct appeal.  It, therefore, concluded that those claims were barred under the doctrine of res judicata.  It further determined that Ms. Dovala could have raised her other ineffective assistance claims on direct appeal and that, therefore, those claims were also barred under the doctrine of res judicata.  Accordingly, it dismissed her petition.

(Doc. 5, RX 36, at 1-3; State v. Dovala, No. 08CA009455, 2009 WL 806847, at *1 (Ohio Ct. App. Mar. 30, 2009).)

3

A later panel of the state court of appeals provided an updated procedural background:

> The trial court determined that all of her claims were barred by res judicata and dismissed her petition. Dovala appealed, and this Court reversed the trial court's decision in part, concluding that, though three of her six grounds for relief were barred on the basis of res judicata, three were not. State v. Dovala, 9th Dist. No. 08CA009455, 2009–Ohio–1420, at ¶ 7–21. Accordingly, we concluded that the trial court had erred by failing to consider three of her claims, namely, whether her trial counsel were ineffective because they had failed to: (1) fully prepare for trial and investigate the State's case; (2) present any expert testimony to contradict the State's expert; and (3) fully investigate their theory of her defense and support it with expert evidence. Id. at ¶ 21. Following our remand on these matters, the trial court held a hearing on April 30, 2010. Three witnesses testified on Dovala's behalf, and the trial court admitted transcripts of deposition testimony from Dovala and her lead trial counsel, James Burge, into evidence. On August 23, 2010, the trial court issued its findings of fact and conclusions of law in which it determined that Dovala was not entitled to post-conviction relief.

(Doc. 5, RX 44, at 2; State v. Dovala, No. 10CA009896, 2011 WL 2533915, at *1 (Ohio Ct. App. June 27, 2011).)

## A. Direct Appeal

Dovala's first direct appeal was denied as untimely filed (doc. 5, RX 8), but her application to reopen was granted (doc. 5, RX 13, 14), and she was able to raise the following six assignments of error:

> 1. Whether permitting the jury to view a videotape as evidence without first presenting the videotape in the courtroom, in the presence of the accused, her counsel, the court, and the public denied the accused her constitutional right to be present at a critical stage of the trial, to confront evidence against her, and to a public trial, in violation to the Fifth, Sixth and Fourteenth Amendments as well as Set. I, §§ 2, 10, and 16 of the Ohio Constitution.

4

> 2. Was Melissa Dovala denied the effective assistance of counsel as guaranteed by Art. I, §§ 2, 10, and 16 of the Ohio Constitution and the Fifth, Sixth and Fourteenth Amendments.
>
> 3. Whether Melissa Dovala was denied her right to due process and a fair trial when the prosecutor engaged in improper argument and other misconduct in violation of the Art. I, §§ 2, 10, and 16 of the Ohio Constitution and the Fifth, Sixth, Eighth and Fourteenth Amendments.
>
> 4. Whether the trial court erred in admitting hearsay evidence of "top known cases and studies" in violation of the Rules of Evidence Melissa Dovala's right to confront the witnesses against her in violation of Art. I, §§ 2, 10, and 16 of the Ohio Constitution and the Fifth, Sixth, and Fourteenth Amendments.
>
> 5. Whether a conviction must be reversed when the cumulative effect of errors deprives a defendant of his state and federal constitutional right to a fair trial.
>
> 6. Melissa Dovala was denied the effective assistance of counsel on her appeal of right to this court in violation of the Fifth, Sixth, and Fourteenth Amendments and Art. I, §§ 2, 10, and 16 of the Ohio Constitution.

(Doc. 5, RX 15.) The court of appeals affirmed the judgment of the trial court. (Doc. 5, RX 18; State v. Dovala, No. 05CA008767, 2007 WL 2752395 (Ohio Ct. App. Sept. 24, 2007).)

Dovala appealed to the Supreme Court of Ohio, presenting the following propositions of law:

> 1. Taped evidence relied on by the parties as substantive evidence must be played in open court. Art. I, §§ 2, 10, and 16 of the Ohio Constitution; the Fifth, Sixth, and Fourteenth Amendments.
>
> 2. Melissa Dovala was denied the effective assistance of counsel as guaranteed by Art. I, §§ 2, 10, and 16 of the Ohio Constitution and the Fifth, Sixth and Fourteenth Amendments.

5

> 3. A criminal defendant's right to due process and a fair trial are violated by the improper arguments and misconduct of the prosecutor. Art. I, §§ 2, 10, and 16 of the Ohio Constitution and the Fifth, Sixth, Eighth, and Fourteenth Amendments.
>
> 4. Admitting hearsay evidence of "top known cases and studies" denied Melissa Dovala her right to confront the witnesses against her in violation of Art. I, §§ 2, 10, and 16 of the Ohio Constitution and the Fifth, Sixth and Fourteenth Amendments.
>
> 5. A conviction must be reversed when the cumulative effect of errors deprives a defendant of due process and a fair trial.

(Doc. 5, RX 20.) The Ohio Supreme Court denied leave to appeal, and dismissed the appeal as not involving any substantial constitutional question, on Feb. 20, 2008. (Doc. 5, RX 22; State v. Dovala, 117 Ohio St.3d 1406, 881 N.E.2d 274 (2008).)

### B. Petition for Post-Conviction Relief

While her direct appeal was pending, Dovala filed a petition for post-conviction relief on June 2, 2006, alleging ineffective assistance of trial counsel. (Doc. 5, RX 23, 24.) The trial court denied her petition. (Doc. 5, RX 29, 31.)

Dovala filed a timely appeal of the denial, raising two assignments of error:

> 1. The trial court erred and abused discretion in application of the doctrine of res judicata to Appellant's claims for relief, thus violating her rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and Article I, §§ 1, 2, 5, 10 and 16 of the Ohio Constitution.
>
> 2. The trial court erred to the prejudice of Appellant and abused judicial discretion by dismissing petition for post-conviction relief without holding a hearing.

(Doc. 5, RX 33.) The court of appeals affirmed in part, and reversed in part, finding that the trial court erred by ruling that all of Dovala's claims were barred by res

judicata. (Doc. 5, RX 36; State v. Dovala, No. 08CA009455, 2009 WL 806847 (Ohio Ct. App. Mar. 30, 2009).)

On remand, the trial court held a hearing, and considered post-hearing briefs. (Doc. 5, RX 37, 38.) On Aug. 23, 2010, the court denied the amended petition for post-conviction relief. (Doc. 5, RX 39, 40.) The court noted that trial counsel, in his deposition, "testified that he had consulted with a neurologist, Dr. Tom Watson, throughout the case," as well as with an OB/GYN. (Doc. 5, RX 40, at [3]; see also RX 37, at 13-14, citing dep. testimony.)

Dovala appealed that determination, raising a single assignment of error: "The judgment of the trial court is contrary to the manifest weight of the evidence, and constitutes an abuse of judicial discretion." (Doc. 5, RX 42.) On June 27, 2011, the court of appeals affirmed the judgment of the trial court. (Doc. 5, RX 44; State v. Dovala, No. 10CA009896, 2011 WL 2533915 (Ohio Ct. App. June 27, 2011).)

Dovala appealed to the Supreme Court of Ohio, presenting the following two propositions of law:

> 1. In a criminal case charging the murder of an infant, where the proof of causation of the injury is circumstantial, the duties of counsel for the defendant include: (1) conduct an objectively reasonable investigation of the medical basis of the evidence; (2) make an objectively reasonable effort to secure medical expert evidence that can be presented in defense; and (3) to prepare a medical defense that is available.
>
> 2. A trial court misapplies the test for prejudice in the claims of ineffective assistance of counsel under Strickland v. Washington (1989), 42 Ohio St.3d 136, by applying a standard of prejudice that, but for the deficient legal representation, another outcome "would probably be different."

7

(Doc. 5, RX 46.) The Ohio Supreme Court denied leave to appeal, and dismissed the appeal as not involving any substantial constitutional question, on Nov. 2, 2011. (Doc. 5, RX 48; State v. Dovala, 130 Ohio St.3d 1419, 956 N.E.2d 310 (2011).)

### C. Rule 60(B) Motion

Finally, on Jan. 25, 2013, Dovala filed a Civil Rule 60(B) motion requesting relief from the trial court's Aug. 23, 2010, judgment denying her petition for post-conviction relief. (Doc. 5, RX 49.) According to petitioner, the trial court denied her motion on June 13, 2013. (Doc. 9, at 1.) Dovala states that she has filed a Notice of Appeal in that proceeding. Id.

### D. Federal Habeas Petition

Dovala filed a petition for a writ of habeas corpus, through counsel. Within days of filing the petition, she filed a motion to stay these proceedings to allow her state remedies (the Rule 60(B) motion) to be exhausted. (Doc. 3, 9.)

The respondent has filed a motion to dismiss the petition, arguing that the five first grounds are time-barred, and the sixth ground should be dismissed without prejudice as unexhausted. The respondent contends that dismissal of the sixth ground is more appropriate than the stay requested, and urges the court to deny the motion to stay. (Doc. 5, at 1.)

8

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

### III.  STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final." Carey v. Saffold, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)). The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, the one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari. Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001) (citing cases). However, a habeas petitioner filing for collateral relief does not benefit from the 90 day certiorari period. Lawrence v. Florida, 549 U.S. 327 (2007) (interpreting 28 U.S.C. § 2244(d)(2)).

10

Dovala's direct appeal, after reopening, ran its course when the Supreme Court of Ohio denied review on Feb. 20, 2008. (Doc. 5, RX 22.) However, at that time, Dovala's petition for post-conviction relief (doc. 5, RX 23, 24) was still pending, which tolled the running of the statute of limitations. The limitations period is tolled while "properly filed" state post-conviction or collateral proceedings are pending. Souter v. Jones, 395 F.3d 577, 585 (6th Cir. 2005); Searcy v. Carter, 246 F.3d 515, 517-518 (6th Cir.), cert. denied, 534 U.S. 905 (2001); 28 U.S.C. § 2244(d)(2).

The proceedings on her post-conviction petition ended when the Ohio Supreme Court denied leave to appeal on Nov. 2, 2011. (Doc. 5, RX 48.) The statute of limitations began running the next day, and expired one year later, on Nov. 2, 2012. See generally Lawrence, 549 U.S. 327 (collateral relief does not benefit from 90 day certiorari period). The respondent argues that the first five grounds should be barred as untimely filed. (Doc. 5, at 12-13.)

## A. Equitable Tolling

Dovala concedes that her first five grounds were not filed before the statute of limitations expired in November 2012. (Doc. 8, at 2.) Dovala argues that she is entitled to equitable tolling "because she reasonably, however mistakenly, believed that she was entitled to an additional ninety days to account for filing a writ of certiorari." (Doc. 8, at 2.) Dovala also stresses her diligence in pursuing her case. (Doc. 8, at 3-4.)

11

The Supreme Court has held that the habeas statute of limitations may be subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). Dovala bears the burden of persuading the court that she is entitled to equitable tolling. Griffin v. Rogers, 308 F.3d 647, 653 (6th Cir. 2002); Day v. Konteh, No. 1:08CV0212, 2009 WL 3321388, at *10 (N.D. Ohio Oct. 13, 2009).

To benefit from equitable tolling, the petitioner must show that she has been pursuing her rights diligently, and that some extraordinary circumstance stood in her way. Holland, 130 S.Ct. at 2562 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); Lawrence, 549 U.S. at 335. The Sixth Circuit has recently recognized that, "under the test articulated by the Supreme Court in Holland, a habeas petitioner must demonstrate both that he has been diligent in pursuing his rights and that an extraordinary circumstance caused his untimely filing." Hall v. Warden, Lebanon Correctional Inst., 662 F.3d 745, 750 (6th Cir. 2011), cert. denied, 133 S.Ct. 187 (2012).

The Sixth Circuit concluded that "Holland's two-part test has replaced Dunlap's five-factor inquiry[1] as the governing framework in this circuit for determining whether a habeas petitioner is entitled to equitable tolling." Hall, 662 F.3d at 750; see also Patterson v. Lafler, No. 10-1379, 2012 WL 48186, at *2 (6th Cir. Jan. 9, 2012) (Holland is relevant test). Sixth Circuit case law has consistently held that the circumstances which will lead to equitable tolling are rare. Hall, 662

---

[1] See Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001).

F.3d at 749 (equitable tolling granted "sparingly"); Souter, 395 F.3d at 590 (quoting Schlup v. Delo, 513 U.S. 298, 321 (1995)); King v. Bell, 378 F.3d 550, 553 (6th Cir. 2004); see also Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000) (rare and exceptional).

In Coleman v. Thompson, the petitioner argued that "it was his attorney's error that led to the late filing of his state habeas appeal." Coleman v. Thompson, 501 U.S. 722, 752 (1991). The Court found that a petitioner must bear the risk of attorney error that results in procedural default. Coleman, 501 U.S. at 752-753. The Supreme Court has concluded, for example, that "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." Dillon v. Conway, 642 F.3d 358, 362 (2d Cir. 2011) (quoting Holland, 130 S.Ct. at 2564.)

The Sixth Circuit in Harvey v. Jones rejected petitioner's argument that a mistake was reasonable based on a mistaken interpretation of law, an interpretation which found some support in the case law. The court found that "even reasonable mistakes of law are not a basis for equitable tolling." Harvey v. Jones, No. 04-2487, 2006 WL 1208066, at *4 (6th Cir. May 2, 2006), cert. denied, 549 U.S. 925 (2006) (quoting Williams v. Sims, 390 F.3d 958, 963 (7th Cir. 2004)). The Sixth Circuit has repeatedly held that ignorance of the law is not sufficient to warrant equitable tolling. Harvey, 2006 WL 1208066; Allen v. Yukins, 366 F.3d

13

396, 403 (6th Cir.), cert. denied, 543 U.S. 865 (2004); Jordan v. Bradshaw, No. 3:04 CV 7259, 2005 WL 2233265, at *3 (N.D. Ohio Sept. 13, 2005).

Dovala claims that the "Sixth Circuit has found equitable tolling appropriate in similar situations resulting from the change in the law with Lawrence." (Doc. 8, at 4.) The Sixth Circuit has recognized that Lawrence overturned previously existing case law[2] in this circuit which had included the ninety-day period even for collateral proceedings. Johnson v. Hudson, No. 09-3530, 2011 WL 1599545, at *2 (6th Cir. Apr. 28, 2011). The court noted that it had "granted equitable tolling to habeas petitioners in light of the unanticipated change of the law in Lawrence." Johnson, 2011 WL 1599545, at *2 (citing Henderson v. Luoma, No. 05-2542, 2008 WL 5046414 (6th Cir. Nov. 26, 2008), and Sherwood v. Prelesnik, 579 F.3d 581 (6th Cir. 2009)).

As the quotation indicates, the key factor in Johnson, as well as in Henderson and Sherwood, was "the unanticipated change of the law in Lawrence." Lawrence v. Florida was decided on Feb. 20, 2007. Lawrence, 549 U.S. 327. The Johnson court pointed out that "Henderson lacked notice that the limitations period would not be tolled because Lawrence had not been decided at the time he filed his petition." Johnson, 2011 WL 1599545, at *2 (quoting Henderson, 2008 WL 5046414). The petition in Henderson was filed on July 7, 2005. Henderson, 2008 WL 5046414, at

---

[2] See, e.g., Abela v. Martin, 348 F.3d 164 (6th Cir. 2003) (en banc).

14

*1. Similarly, the petition in Johnson was filed on Dec. 21, 2006, also prior to Lawrence. Johnson, 2011 WL 1599545, at *1.

In contrast, Dovala filed her petition in January 2013, almost six years after Lawrence was decided. Dovala cannot rely on "the unanticipated change of the law in Lawrence" to excuse her untimely habeas filing, so many years after the rule in Lawrence became law. In fact, Dovala's conviction was first affirmed on direct appeal in the state courts in September 2007, seven months after Lawrence v. Florida was decided! (Doc. 5, RX 18; Dovala, 2007 WL 2752395.)

While the diligence with which Dovala pursued her rights is arguable, the court finds that Dovala has failed to demonstrate that "an extraordinary circumstance" caused the untimely filing of her petition. Equitable tolling cannot be applied to the first five grounds, in the circumstances of this case.

The petition should be dismissed as to the first five grounds, which were untimely filed.

## IV. SIXTH GROUND

The respondent argues that the sixth ground (ineffective assistance of trial counsel) is unexhausted, and the petition should be dismissed, without prejudice, as to that ground. (Doc. 5, at 13-16.) Dovala has filed a motion to stay and hold the case in abeyance, so that she may exhaust her state remedies as to that claim. (Doc. 3, 9.)

15

Dovala had raised the ineffective assistance of trial counsel claim in her petition for postconviction relief, which was denied and upheld on appeal. (Doc. 5, RX 44; Dovala, 2011 WL 2533915.) Subsequently, Dovala filed a motion for relief under Ohio Rule 60(B) on Jan. 25, 2013, based on new evidence. (Doc. 5, RX 49.) She filed this petition for a writ of habeas corpus several days later, on Jan. 29, 2013. She informs the court that the state trial court denied her Rule 60(B) motion, but that she has filed a notice of appeal. (Doc. 9; see generally State v. Dovala, Case No. 13CA010440 (Ohio Ct. App. filed July 11, 2013).) Dovala asks that the court hold this case in abeyance while she exhausts her state remedies. (Doc. 3, at 3; doc. 9, at 1.)

Although Dovala herself does not raise the argument (see generally doc. 3; doc. 8, at 5; doc. 9), the respondent speculates that Dovala might be entitled to statutory tolling under 28 U.S.C. § 2244(d)(1)(D). (Doc. 5, at 15.)

Under 28 U.S.C. § 2244(d)(1)(D), the limitations period begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The limitations period under Section 2244(d)(1)(D) does not begin "when a prisoner actually understands what legal theories are available." Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000). Accord Townsend v. Lafler, No. 02-2151, 2004 WL 1098757 (6th Cir. May 14, 2004), cert. denied, 543 U.S. 1062 (2005). Rather, the year "begins when the prisoner knows (or through diligence could discover) the

16

important facts, not when the prisoner recognizes their legal significance." Id. See also Earls v. Hernandez, 403 F.Supp.2d 985, 989 (C.D. Cal. 2005) (citing cases).

To benefit from Section 2244(d)(1)(D), the habeas petition must be filed within one year from the date of the discovery. Coldiron v. Timmerman-Cooper, No. 3:04cv7750, 2007 WL 1813201, at *4 (N.D. Ohio June 19, 2007) (citing DiCenzi v. Rose, 419 F.3d 493, 497-500 (6th Cir. 2005)); Mosley v. Petro, No. 5:04CV726, 2006 WL 2640958, at *5 (N.D. Ohio Sept. 13, 2006). Here, it is unclear exactly when Dovala discovered issues with the now-contested veracity of her trial counsel's account of his efforts on her behalf. Her attempts to explore the issue were complicated by the fact that trial counsel did not accurately recall the name of the neurologist that he claimed he had consulted on her behalf (Dr. Swanson, properly, rather than "Dr. Watson," as his testimony had it). See generally doc. 5, RX 49 (Rule 60 motion), and Wilford aff. in support. New counsel for Dovala finally located Dr. Swanson in July 2012. Her January 2013 petition was thus filed within one year of that discovery, and thus the court would not find the sixth ground to be untimely.

Regarding Dovala's motion to stay these proceedings: A "mixed" petition contains both unexhausted and exhausted claims. Pliler v. Ford, 542 U.S. 225, 227 (2004). Dovala's appeal of the trial court's denial of her Rule 60(B) motion, based on new evidence supporting her claim of ineffective assistance of trial counsel (also the basis for her sixth ground of the habeas petition), is still proceeding in the state

17

court of appeals. Where a district court is confronted with a mixed petition containing unexhausted claims, the Sixth Circuit has presented a choice of four options:

> (1) dismiss the mixed petition in its entirety, [Rhines v. Weber, 544 U.S. 269, 274 (2005)], 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, id. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, id. at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2). See Rockwell v. Yukins, 217 F.3d 421, 425 (6th Cir. 2000).

Harris v. Lafler, 553 F.3d 1028, 1031-1032 (6th Cir. 2009); see also Wagner v. Smith, 581 F.3d 410, 419 (6th Cir. 2009); Fairchild v. Workman, 579 F.3d 1134, 1155-1156 (10th Cir. 2009). Dovala requests a stay. (Doc. 3, 9.)

District courts should ordinarily dismiss a mixed petition. Burton v. Stewart, 549 U.S. 147, 153-154 (2007); Rose v. Lundy, 455 U.S. 509, 520-522 (1982); Bowling v. Haeberline, No. 03-5681, 2007 WL 2321302, at *2 (6th Cir. Aug. 14, 2007). The Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances." Rhines v. Weber, 544 U.S. 269, 277 (2005). The "stay-and-abeyance" procedure is used in circumstances where:

> . . . a petitioner comes to federal court with a mixed petition toward the end of the limitations period, [and] a dismissal of his mixed petition could result in the loss of all of his claims – including those already exhausted – because the limitations period could expire during the time a petitioner returns to state court to exhaust his unexhausted claims.

Pliler, 542 U.S. at 230.  Here, the consequences of dismissal would not result in a loss of Dovala's (sixth) claim.  As discussed above, the first five claims are barred as untimely filed, and a dismissal would not alter that circumstance.

As to the sixth claim, it is currently in litigation in the state court of appeals, thus the habeas statute of limitations as to that claim would be tolled while the state collateral proceedings are pending.  Souter, 395 F.3d at 585; Searcy, 246 F.3d at 517-518; 28 U.S.C. § 2244(d)(2).  The Supreme Court noted that the "tolling provision in § 2244(d)(2) 'balances the interests served by the exhaustion requirement and the limitation period' 'by protecting a state prisoner's ability later to apply for federal habeas relief while state remedies are being pursued.'" Rhines, 544 U.S. at 276 (quoting Duncan v. Walker, 533 U.S. 167, 179 (2001)).

The petition should be dismissed, without prejudice, as to the sixth ground of the petition.

## V. SUMMARY AND RECOMMENDATION

The motion to dismiss (doc. 5) should be granted. The petition for a writ of habeas corpus should be dismissed, as follows. The petition should be dismissed, with prejudice, for the first five grounds of the petition. The petition should be dismissed, without prejudice, as to the sixth ground of the petition.

The motion for stay and abeyance (doc. 3, 9) should be denied.


Dated:  Aug. 26, 2013                             /s/ Kenneth S. McHargh
                                                                         Kenneth S. McHargh
                                                                         United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).