UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MELISSA DOVALA,** | Case No. 1:13-CV-213 |
| Petitioner, | Judge Dan Aaron Polster |
| v. | **MEMORANDUM OF OPINION AND ORDER** |
| **GININE TIM, WARDEN,** | |
| Respondent. | |

Before the Court is Petitioner Melissa Dovala's Petition for Writ of Habeas Corpus ("Habeas Petition"), filed pursuant to 28 U.S.C. § 2254.  Magistrate Judge Kenneth McHargh has written a Report and Recommendation ("R&R"); Petitioner has filed objections ("Objections").

## I. BACKGROUND

On July 5 2005, an Ohio jury convicted Petitioner on four counts; Murder (R.C. 2903.02(B)), Involuntary Manslaughter (R.C. 2903.01(A)), Felonious Assault (R.C. 2903.00(A)(1)) and Endangering Children (R.C. 2919.22(B)(1)).  The trial court sentenced her to 15 years to life in prison.  Petitioner challenged—without success—her conviction on direct appeal, with the Ohio Supreme Court dismissing the appeal on February 20, 2008.

On June 2, 2006, while her direct appeal was pending, Petitioner filed a petition for post-conviction relief alleging ineffective assistance of counsel. The court of appeals denied

Petitioner's amended petition for post-conviction relief, and, on Nov. 2, 2011, the Ohio Supreme Court denied leave to appeal. On Jan. 25, 2013, Petitioner filed a Civil Rule 60(B) motion requesting relief from the trial court's Aug. 23, 2010 judgment denying her petition for post-conviction relief.  According to Petitioner, the trial court denied her motion and she has filed a Notice of Appeal. (Doc. # 11 at 8).

On Jan. 29, 2013,  Petitioner filed the instant Habeas Petition. On Feb. 04, 2013, Petitioner filed a motion to stay her Habeas Petition pending the exhaustion of her Civil Rule 60(B) claim. Magistrate McHargh recommends denying the first five grounds of the petition as barred by the statute of limitations, and dismissing ground six without prejudice.

## II.

A state prisoner seeking habeas relief under 28 U.S.C. § 2254 is subject to a one-year statute of limitations.  The one-year period starts running from the date on which the state-court judgment becomes final.  28 U.S.C. § 2244(d)(1)(A). As noted by Magistrate McHargh, the one-year period is tolled while "properly filed" state post-conviction or collateral proceedings are pending.  (Doc. # 11 at 11). Thus, Petitioner's one-year period began running on Nov. 3, 2011, the day after the Ohio Supreme Court denied Petitioner's leave to appeal, and it expired one year later, on Nov. 2, 2012.  January, 29 2013, the date the instant petition was filed, is, of course, past the one-year deadline.

## III.

Petitioner concedes that her first five grounds were not timely filed, but insists that she is entitled to equitable tolling because she believed that she was entitled to an additional ninety

days to account for filing a writ of certiorari. (Doc. # 12 at 5). Jude McHargh recommends that the Court not apply the doctrine of equitable tolling because Petitioner has failed to demonstrate that "an extraordinary circumstance" caused her to untimely file her Habeas Petition. (Doc. # 11 at 15).

In her Objections, the Petitioner sets forth five factors, as articulated by the Sixth Circuit in *Sherwood v. Prelesnik,* 579 F.3d 581, 588 (6th Cir. 2009), for determining whether equitable tolling is appropriate in Habeas cases. (Doc. # 12 at 5). The Sixth Circuit replaced the five factor inquiry with an "extraordinary circumstances" test. *Hall v. Warden, Lebanon Correctional Inst.,* 662 F.3d 745, 750 (6th Cir. 2011), cert. denied, 133 S.Ct. 187 (2012). Under the "extraordinary circumstances" test, the Petitioner must demonstrate that she has been diligently pursuing her rights and that extraordinary circumstances caused her untimely filing. *Id.*

Magistrate McHargh finds, and the Court agrees, that the Petitioner has not demonstrated "extraordinary circumstances" to warrant applying the doctrine of equitable tolling. The Petitioner contends that "[t]he Sixth Circuit has found equitable tolling appropriate in similar situations resulting from the change in the law with *Lawrence.*" (Doc. # 12 at 7). In *Lawrence,* the Supreme Court held that a habeas petitioner who is seeking post conviction relief does not benefit from the 90 day certiorari period. *Lawrence v. Florida,* 549 U.S. 327 (2007). As Magistrate McHargh notes, in the cases cited by Petitioner, the Sixth Circuit found that equitable tolling was appropriate in situations where Habeas Petitions were filed prior to the unexpected change of the law in *Lawrence*. (Doc. #11 at 14-15). Here, Petitioner's conviction was affirmed on direct appeal in the state courts seven months after *Lawrence v. Florida* was decided. *Id.*

The Court will therefore adopt Magistrate McHargh's R&R and deny the petition as to the first five grounds.

## IV.

For ground six, Petitioner alleges ineffective assistance of counsel.  As to this ground, the Court agrees with Magistrate McHargh that when a district court is confronted with a mixed petition containing unexhausted claims, as is the case here, district courts should  dismiss the petition. (Doc. #11 at 17-18).  Therefore, the sixth ground is dismissed without prejudice.

## V.

Accordingly, the Court **OVERRULES** the objections (Doc. # 12) and **ADOPTS** the Report and Recommendation (Doc. # 11).

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster   September, 18 2013*
**Dan Aaron Polster**
**United States District Judge**